CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
SEP 24 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ANNETTE COLEMAN, | ) | CASE NO. 4:12CV00008 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's October 20, 2009 protectively-filed applications for a period of disability and disability insurance benefits and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423, and 1381, et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision dated April 29, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since October 7, 2009, her alleged date of disability onset.[1] (R. 22.) The Law Judge determined plaintiff's Charcot's status post

---

[1] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last

1

December 1, 2009 right foot surgery, diabetes mellitus, diabetic neuropathy, obesity, osteoarthritis, and questionable systemic lupus erythematosus were severe impairments. (R. 22-23.) He also concluded that, through the date of the hearing, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 23-24.) Further, the Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform a range of sedentary work, with the limitations that she cannot push or pull with her lower extremities; should never climb ladders, ropes, or scaffolds; and can only occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl.[2] (R. 24-32.)

The Law Judge relied on portions of the testimony of J. Herbert Pearis, a vocational expert ("VE"), which was in response to questions premised on the Law Judge's RFC finding. (R. 32-33, 73-80.) Based on this testimony, the Law Judge determined that plaintiff was capable of performing her past relevant work as a telemarketer, as it did not require the performance of work-related activities precluded by plaintiff's RFC.[3] (R. 32-33.) Accordingly, the Law Judge found that plaintiff was not disabled.

Plaintiff appealed the Law Judge's April 29, 2011 decision to the Appeals Council. (R. 1-15.) In its November 28, 2011 decision, the Appeals Council found no basis to review the Law

---

for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). In order to qualify for a period of disability and disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, which is June 30, 2014. *See* 20 C.F.R. § 404.131(a); (R. 20, 22.)

[2] Sedentary work is defined in 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a) as involving lifting no more than 10 pounds occasionally and less than 10 pounds frequently, standing or walking 2 hours in an 8-hour workday, and sitting about 6 hours in an 8-hour workday.

[3] Although the Law Judge ended his analysis at step 4 of the sequential evaluation by ruling that plaintiff could perform her past relevant work, he also found that there were other jobs in significant numbers in the national economy which plaintiff was able to perform prior to February 4, 2011, the date she turned 50 and became a person approaching advanced age. (R. 32-33, FN 6.)

2

Judge's decision. (R. 4-5.) The Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. *Id.* This action ensued and briefs were filed.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than preponderance." *Id.* at 642. When the Appeals Council considers additional evidence offered for the first time on administrative appeal and denies review, courts must consider the record as a whole, including the new evidence, in determining whether the Law Judge's decision is supported by substantial evidence. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

Plaintiff argues that the Law Judge erred by including her work as a telemarketer as part of her past relevant work. (Dkt. No. 11, at 3-4, 7-9.) She contends that her work as a telemarketer did not clearly meet the standards for past relevant work and so the Law Judge should have further and fully developed the record before deciding the case on this point. *Id.* at 7-9. She also contends that the Law Judge should have disclosed to plaintiff and her counsel that this would be the key issue to be resolved, and that this failure to "candidly discuss the issue with

3

counsel" created a "completely 'unnecessary barrier to the truth-finding process.'"[4] *Id.* at 9-12. Furthermore, she offers that if her past work as a telemarketer was not past relevant work, her claim would have been approved as of her 50th birthday given the provisions of 20 C.F.R. § 404, Subpart P, Appendix 2 ("Grid"), Rule 201.14. (Dkt. No. 11, at 3-4.) The undersigned will address this challenge below.

Past relevant work is defined as work that a social security claimant has done within the past 15 years, that was substantial gainful activity ("SGA"), and that lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1). The job of a telephone solicitor is described in the Dictionary of Occupational Titles ("DOT") § 299.357-014 as:

> Solicits orders for merchandise or services over telephone: Calls prospective customers to explain type of service or merchandise offered. Quotes prices and tries to persuade customer to buy, using prepared sales talk. Records names, addresses, purchases, and reactions of prospects solicited. Refers orders to other workers for filling. Keys data from order card into computer, using keyboard. May develop lists of prospects from city and telephone directories. May type report on sales activities.

*Dictionary of Occupational Titles* § 299.357-014 (4th Ed., Rev. 1991).

A telephone solicitor has a specific vocational preparation level ("SVP") of 3, indicating that a prospective worker would need over 1 month up to and including 3 months of training and experience to learn the techniques, acquire the information, and develop the facility needed for average performance in the specific job-worker situation. DOT, Appendix C. In 2005 and 2006, a claimant must have earned $830 and $860 per month respectively for their work to have reached the level of substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)(ii)(B); Social Security Administration. "Substantial Gainful Activity." http://www.ssa.gov/oact/cola/sga.html.

---

[4] Quoting *Adams v. Harris*, 643 F.2d 995, 1003, FN8 (4th Cir. 1981) (Winter, dissenting).

4

(Last modified October 19, 2011). Work activity lasting less than 6 months is presumed to be an unsuccessful work attempt if the claimant stopped working because of his/her impairments. 20 C.F.R. § 404.1574(c)

Here, the Law Judge found that plaintiff's work as a telemarketer was past relevant work, agreeing with the testimony of the VE. (R. 32-33.) He pointed to plaintiff's testimony regarding the duration of her employment and her earnings record from 2005 and 2006. (R. 33.) He concluded that plaintiff did work long enough to learn the job and performed it at SGA level, and, therefore, it qualified as past relevant work. (R. 33.)

There are inconsistencies in the record regarding how long plaintiff worked for Telvista, Inc. as a telemarketer. Plaintiff testified before the Law Judge that she performed the job for two to three months and worked 25 to 30 hours a week, describing it as a "seasonal holiday job." (R. 51, 69-70.) Plaintiff reported $1,354.98 in earnings from this job in 2005, and $1,279.38 in 2006. (R. 211-212.) However, plaintiff reported in her "Work History Report" that she worked as a "Service Agent" with a telemarketing business from June 2006 through October 2006. (R. 239.) She noted that she worked 8 hours a day, 5 days a week, at $7 per hour, and she described her work as involving answering the phone, taking orders and finding lost orders on computers, and customer service. (R. 241.) Notably, the VE testified that it was past relevant work without objection or further questions by plaintiff's counsel. (R. 75-82.)

The Law Judge is granted some latitude to resolve conflicts and inconsistencies in the record. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). Here, plaintiff testified twice that she worked as a telemarketer for 2 to 3 months. Based on the fact that she also testified that it was a temporary holiday position, and that her earnings reports included income from 2005 and 2006, it was reasonable for the Law Judge to conclude that her testimony was more reliable

5

than her earlier Work History Report. The 2 to 3 months period to which plaintiff testified to is within the 1-3 months specified in the DOT as required to learn the skills necessary to adequately perform the work in question. Moreover, given that plaintiff earned $2,634.36 as a telemarketer, she would have made either $1,317.18 or $878.12 a month, either of which would qualify as SGA in 2005 and 2006.

The factual record was developed sufficiently for the Law Judge to come to a decision, and it is apparent that the Law Judge applied the correct legal standard in reaching his decision, which the undersigned finds is supported by substantial evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.2005). Plaintiff was represented by counsel during her hearing, and there certainly was an opportunity to supplement plaintiff's medical and vocational history if, as plaintiff seems to argue, any such additional evidence actually became available. The Law Judge is under no duty to inform plaintiff of the controlling issue in her case before rendering his decision.[5] Furthermore, the hearing record and particularly the evidence of the VE made clear that plaintiff's ability to perform her past relevant work was in play. Finally, plaintiff bears the burden of showing that a work experience is not past relevant work. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1993); *Seitz v. Astrue*, No. 3:08–CV–355–HEH, 2009 WL 2392159, at *2 (E.D.Va. Aug. 4, 2009). Plaintiff has not argued that her work as a telemarketer did not constitute past relevant work. Despite asserting uncertainties in the record and alleging arbitrary conduct by the Law Judge, there is substantial evidence supporting the decision which essentially

---

[5] Plaintiff cites the dissenting opinion in *Adams v. Harris*, 643 F.2d 995 (4th Cir. 1981) in support of his argument that early and candid disclosure by the Law Judge of the deciding issues in a case would avoid setting "'unnecessary barriers to the truth-finding process.'" However, the case in question regards notices sent to claimants denying their requests for reconsideration without specifically citing reasons why their claims had been rejected, which, incidentally, the majority found did not violate the regulations. *Id.* at 998-999. Furthermore, the cases relied on by the dissent all were those where the claimant was unrepresented before the Law Judge. *Id.* at 1003, FN 8. Here, plaintiff was represented by counsel.

6

determines that she failed to carry that burden. Accordingly, the Law Judge's finding that plaintiff's work as a telemarketer rose to the level of past relevant work is supported by substantial evidence.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, DENYING plaintiff's motion for summary judgment and motion to remand, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *[signature]*
U.S. Magistrate Judge

9/24/12
Date

7

Case 4:12-cv-00008-JLK-BWC   Document 16   Filed 09/24/12   Page 7 of 7   Pageid#: 1205