IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ANNETTE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 4:12-cv-00008 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | By: Hon. Jackson L. Kiser |
| Commissioner, Social Security ) | Senior United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Before me is the Report and Recommendation ("R & R") of Hon. B. Waugh Crigler recommending that I grant Defendant's Motion for Summary Judgment and dismiss this case. On October 9, 2012, Plaintiff filed a timely Objection to the R & R, and Defendant responded. The objection is now ripe for consideration. I have reviewed the dual motions for summary judgment, Judge Crigler's R & R, Plaintiff's Objection, Defendant's Response, and the relevant portions of the record. For the reasons stated below, I will **OVERRULE** Plaintiff's Objection, **ADOPT** Judge Crigler's R & R, **GRANT** Defendant's Motion for Summary Judgment, and **DISMISS** this case from the active docket of the Court.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On October 20, 2009, Plaintiff Annette Coleman ("Plaintiff") filed concurrent applications for Social Security Disability benefits and Supplemental Security Income benefits pursuant to Title II and Title XVI of the Social Security Act, respectively. *See* 42 U.S.C. §§ 401–433, 1381–1383f. (R. 20.) In her applications, Plaintiff alleged that she was disabled as of October 7, 2009. (R. 20*.*) Plaintiff's claims were denied initially on December 17, 2009, and again upon reconsideration on April 5, 2010. (*Id.*) On June 1, 2010, Plaintiff filed a written

- 1 -

Case 4:12-cv-00008-JLK-BWC   Document 19   Filed 11/02/12   Page 1 of 9   Pageid#: 1216

request for hearing before an Administrative Law Judge ("ALJ"). (*Id.*) On November 9, 2010, an ALJ held an administrative hearing to determine whether Plaintiff suffered from a disability within the meaning of the Social Security Act. (*Id.*) Plaintiff was represented by counsel at the hearing. (*Id.*)

On April 29, 2011, the ALJ submitted his decision including findings of fact and conclusions of law. (R. 20-34.) The ALJ applied the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). (*Id.*) The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 7, 2009, the date Plaintiff allegedly began suffering from her disability. (R. 22.) The ALJ determined that Plaintiff suffered from severe impairments, including: Charcot's status post-December 1, 2009 right foot surgery, diabetes mellitus, diabetic neuropathy, obesity, osteoarthritis, and questionable systemic lupus erythematosus. (*Id.*) Despite these impairments, the ALJ determined that Plaintiff possessed the residual functional capacity ("RFC") to perform a range of sedentary work, albeit with some limitations—namely, she cannot push or pull with her lower extremities; should never climb on ladders, ropes, or scaffolds; and she can only occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl. (R. 24–32.) Relying in part on the testimony of an impartial vocational expert ("VE"), the ALJ determined that the claimant was capable of performing past relevant work as a telemarketer. (*Id.*) As a result, the ALJ found that Plaintiff was not disabled under the Act. (*Id.*) Plaintiff appealed the ALJ's decision to the Appeals Council. (R. 7.) On November 28, 2011, the Appeals Council issued its opinion, finding no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the ALJ's decision as the final decision of the Commissioner. (R. 1–15.)

Plaintiff instituted the present civil action in this Court on February 14, 2012. (Compl. [ECF No. 1].) Thereafter, I referred this matter to Magistrate Judge B. Waugh Crigler for consideration of Plaintiff's and Commissioner's dispositive motions. (Order, July 7, 2012 [ECF No. 9].) On September 24, 2012, Judge Crigler issued his R & R in which he recommended that I grant the Commissioner's Motion for Summary Judgment, affirm the Commissioner's final decision, and dismiss this case. (Rep. and Recom. 7 [ECF No. 16].)

On September 27, 2012, Plaintiff filed a timely Objection to the R & R. (Pl.'s Obj. (hereinafter "Objection") [ECF No. 17].) In Plaintiff's Objection, she reasserts the same argument set forth in her Motion for Summary Judgment. Principally, Plaintiff argues that the ALJ erred by including her past position as a telemarketer in her "relevant past work." (*Compare* Br. in Supp. of Pl.'s Mot. for Summ. J. [ECF No. 11] *with* Pl.'s Obj.) On October 9, 2012, the Commissioner filed a timely response to Plaintiff's Objection. (Def.'s Resp. to Pl.'s Obj. (hereinafter "Response") [ECF No. 18].)

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that the role of the ALJ, not the Vocational Examiner, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[1]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

### III. DISCUSSION

In her Objection to the R & R, Plaintiff reiterates the same argument she made in support of her Motion for Summary Judgment. Plaintiff contends that the ALJ erred in his determination that Plaintiff's job as a telemarketer qualified as "past relevant work." (*See* Pl.'s Obj. 1.) Specifically, Plaintiff argues that "there is no clear evidence, one way or the other, to definitely determine whether her work [as a telemarketer] constitutes past relevant work." (*Id.*) As such, Plaintiff claims that the ALJ's determination lacks substantial evidence. (*Id.*)

#### A. The ALJ Applied the Proper Legal Standard

---

[1] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

The definition for "past relevant work" is set forth in 20 C.F.R. §§ 404.1565 and 416.965. To constitute "past relevant work," the job must: 1) have lasted long enough for Plaintiff to learn to do the job; and 2) meet the definition of "substantial gainful activity." 20 C.F.R. § 404.1560(b)(1). It is clear from the Record that the ALJ applied the proper legal standard in determining the Plaintiff's "past relevant work." (*See* R. 33.)

### B. The ALJ's Determination is Supported by Substantial Evidence

In her Objection, Plaintiff argues that there is not sufficient evidence in Record to support the ALJ's determination that Plaintiff remained in the position long enough to learn to job, or that Plaintiff made sufficient income for the position to constitute "substantial gainful activity." (*See* Pl.'s Obj. 1). As discussed below, however, the ALJ's determination is supported by substantial evidence.

1. <u>The ALJ's Determination that Plaintiff Held the Position of Telemarketer Long Enough to Learn the Job is Supported by Substantial Evidence</u>

To constitute "relevant past work," Plaintiff must have remained in the position long enough to learn the job—a period of time that inevitably varies with the complexity of the job. According to the *Dictionary of Occupational Titles*, a telephone solicitor has a vocational preparation level of three, which denotes that a worker would ordinarily need between one and three (1-3) months to learn the job. (*See Dictionary of Occupational Titles* 979.687-034 (4th Ed., Rev. 2001).)

The exact length of time that Plaintiff worked for Telvista is not especially clear. Plaintiff provided testimony at the hearing that conflicted with her prior written statements in the Work History Report. (*Compare* R. 69, *with* R. 241.) At the administrative hearing, Plaintiff testified that she performed "season holiday work" at Telvista for "two to three months," working twenty-five to thirty hours per week. (R. 69.) In her "Work History Report," however,

- 5 -

Plaintiff noted that she worked as a "Service Agent" with the telemarketing industry from June 2006—October 2006, where she worked eight (8) hours per day, five (5) days per week, at $7 an hour. (R. 239.) The VE also testified at the hearing, concluding that that Plaintiff's work at Telvista was "past relevant work" without drawing any objection from Plaintiff's counsel. (R. 74–82.)

The ALJ properly exercised his latitude to resolve these conflicts in the record. *See Craig v. Chater*, 76 F.3d 585, 589-509 (4th Cir. 1996). At a minimum, Plaintiff consistently testified that she was in the position at least two months, which is within the suggested 1-3 month timeframe necessary to learn the job. (*See* DOT 979.687-034.) There is no evidence in the Record to suggest that Plaintiff was at the job less than two months, especially in light of Plaintiff's earnings history report, which showed that Plaintiff earned income from Telvista in both 2005 and 2006. (R. 271.) Even assuming that Plaintiff was only in the position for one month, Plaintiff still fails to carry her burden to show that her telemarketing position was not "past relevant work." *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993); *see also Seitz v. Astrue*, Case No. 3:08-cv-355, 2009 WL 2392159, at *2 (E.D.Va. August 4, 2009). First, Plaintiff did not present any evidence that she did not learn the job during that time. *See e.g.*, *Vadeboncoeur v. Callahan*, 796 F. Supp. 2d 751, 755 n.2 (N.D. Ill. Sept. 4, 1997). Moreover, Plaintiff did not present any evidence that her job was unusually complex compared to the ordinary telemarketing job. In fact, Plaintiff's description of her job—which included answering the phone, taking orders, finding lost orders on the computer, and general customer service—is strikingly similar to the DOT's classification of a telephone solicitor. (*Compare* R. 241, *with* DOT 299.357-014.) Finally, Plaintiff's counsel did not object to the VE's conclusion that Plaintiff's telemarketing job was "relevant past work." (R. 69.)

Viewing the Record as a whole, there is sufficient evidence in the record to support the ALJ's finding that Plaintiff was in the position long enough to learn the job and that Plaintiff did, in fact, learn the job.

2. <u>The ALJ's Determination that Plaintiff's Position Constituted a "Substantial Gainful Activity" is Supported by Substantial Evidence</u>

Plaintiff also argues that the ALJ erred in concluding that Plaintiff's telemarketing position constituted "substantial gainful activity." "Substantial gainful activity" is defined as "work activity that involves doing significant physical or mental activities," including work "done on a part-time basis." 20 C.F.R. § 404.1574(a); *see also Garrett v. Sullivan*, 905 F.2d 778, 779-81 (4th Cir. 1990). In determining whether work constitutes a "substantial gainful activity," the ALJ's "primary consideration will be the earnings derived . . . from the work activity." 20 C.F.R. §§ 404.1574(a)(1) and 415.1574(b)(2). Thus, "a determination that plaintiff engaged in substantial gainful activity may be made solely on the basis of earnings compared with the standards set forth in [the] regulation." *Fowler v. Bowen*, 876 F.2d 1451, 1453 n.3 (10th Cir. 1989); *see also* TITLES II AND XVI: DETERMINING WHETHER WORK IS SUBSTANTIAL GAINFUL ACTIVITY-EMPLOYEES, SSR 83-33, 1983-1991 Soc. Sec. Rep. Serv. 94, 1983 WL 31255 (1983) ("Originally, the determination as to whether a person engaged in [substantial gainful activity] was based on criteria as to the energies, responsibilities, skills, hours, earnings, regularity and related factors pertaining to the work performed. Later it was found that this method was not satisfactory . . . . It was decided that earnings provided an objective and feasible measurement of work. Therefore, an earnings test was established and it has been the primary [substantial gainful activity] guide since 1958.").

According to the earnings table, a job held in 2005 and 2006 would constitute "substantial gainful activity" if the claimant earned a minimum of $830 or $860 per month,

- 7 -

respectively. 20 C.F.R. § 404.1574(b)(2)(ii)(B); Social Security Administration. "Substantial Gainful Activity." http:/www.ssa.gov/oact/cola/sga.html (last modified Oct. 19, 2011). In this case, Plaintiff earned a total of $2,634.36 from her work at Telvista, $1,354.98 in 2005, and $1,279.38 in 2006. (R. 211–212.) Plaintiff's monthly breakdown inevitably varies depending on the total time Plaintiff worked for Telvista. For example, if Plaintiff worked 2-3 months as she testified, her earnings would be well within the SGA range, $1317.18 or $878.12 a month, respectively. On the other hand, if Plaintiff worked the four months listed in her Work History Report, then her earnings fall short, totaling only $658.59 per month. (R. 239.)

Although Plaintiff argues that the line between benefits and ineligibility in this case is "razor-thin," I am not authorized to re-weigh the evidence. (*See* Pl.'s Obj. 2.) I must ensure only that the ALJ's determination is supported by substantial evidence. Here, the ALJ's determination meets that threshold. I find that the ALJ's decision is based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro*, 270 F.3d at 176. Despite the discrepancies between Plaintiff's testimony and her Work History Report, it was reasonable for the ALJ to give Plaintiff's testimony more weight.

For example, Plaintiff's Work History Report states that she worked there from June 2005 to October 2005; however, Plaintiff earned income from Telvista in both 2005 and 2006, which strongly suggests that the Work History Report is incorrect. (*Compare* R. 241, *with* R. 211–212.) Moreover, Plaintiff's description of the job as "season holiday work" again undermines the validity of the Work History Report's June to October timeline. (*See* R. 69.) Aside from Plaintiff's testimony, the ALJ's determination is bolstered by both the VE's testimony, which went unchallenged by Plaintiff's counsel, and the fact that Plaintiff has never

- 8 -

Case 4:12-cv-00008-JLK-BWC    Document 19    Filed 11/02/12    Page 8 of 9    Pageid#: 1223

attempted to supplement the Record with evidence suggesting that she actually worked longer than three months at Telvista. (R. 75–82.)

In total, the factual Record maintains sufficient evidence to support the ALJ's determination.

### IV.     CONCLUSION

The ALJ's conclusion that Plaintiff's past work in the telemarketing industry constituted "past relevant work" is supported by substantial evidence. The ALJ properly resolved inconsistencies in the Record, ultimately giving more weight and credibility to Plaintiff's testimony at the hearing. Given the apparent discrepancies in the Work History Report compared with more illustrative testimony of both Plaintiff and the VE, the ALJ properly concluded that Plaintiff worked in telemarketing long enough to learn the job and that Plaintiff made sufficient monthly earnings to constitute "substantial gainful activity." On the whole, the ALJ's decision is supported by substantial evidence in every regard, and I will therefore **OVERRRULE** Plaintiff's Objection, **ADOPT** Judge Crigler's Report and Recommendation, **GRANT** the Commissioner's Motion for Summary Judgment, and **DISMISS** this case from the active docket of this Court.

The clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 2nd day of November, 2012.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE